IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DEMARIO A. WHITE,**

      Petitioner,

v.                      **CIVIL ACTION NO. 2:11cv102**
                             **(Judge Bailey)**

**WARDEN TERRY O'BRIEN,**

      Respondent.

## REPORT AND RECOMMENDATION

### I.  BACKGROUND

On December 6, 2011, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241, and on January 26, 2012, he filed it on the court-approved form. On January 26, 2012, he paid the $5.00 filing fee. The case is before the undersigned for initial review.

### II.  FACTS

The petitioner is a federal inmate confined in USP Hazelton, which is located in Bruceton Mills, West Virginia. The petitioner's incarceration stems from a conviction in the United States District Court for the Middle District of Pennsylvania for use of a firearm in relation to a crime of violence. On July 28, 2011, he was sentenced to 120 months imprisonment and three years supervised release. The petitioner maintains that he has been incarcerated for an unjust law in violation of his Fifth Amendment rights. He also alleges that Congress has caused a violation of his Eighth Amendment rights by exceeding its power and violating the ex post facto clause. The

substance of the petitioner's claim is that Public Law 80-772[1] was never passed or signed in the presence of a quorum or majority of both houses of Congress as required by Article 1, Section 5, clause 1 of the Constitution. Additionally, the petitioner claims that the Bureau of Prisons does not have the authority to incarcerate him based on a memo from Harley G. Lappin, Director of the BOP that indicates that he "contacted the Office of Legal Counsel, the National Archives and the Clerk of the House of representatives to learn that there is no record of any quorum present during the May 12, 1947 vote of the H.R. 3190 Bill in the House..., and the record is not clear as to whether there was a Senate vote on the H.R. 3190 Bill during any session of the 80th Congress." (Doc. 8-1.) In addition to his claim of illegal incarceration, the petitioner, in his form petition, alleges that he broke his right foot and ankle while attempting to climb into his top bunk without the benefit of a ladder. For relief, the petitioner seeks $2,000,000 in compensation, release and expungement of his case

### III. ANALYSIS

A motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 338, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.

---

[1] Public Law 80-772 is the provision that enacted 18 U.S.C. § 3231 establishing jurisdiction of the federal courts.

2

2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2001).[2] Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[3]

---

[2] The undersigned notes that the petitioner did not appeal his conviction and has not filed a § 2255 petition in the sentencing court. However, the undersigned takes no position on whether the petitioner is proicedurallyy barred from filing a § 2255 petition.

[3] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the

Id. at 333-34.

Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, the crime for which the petitioner was convicted remains a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones. Therefore, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and his amended petition is an improperly filed §2241 petition.

Moreover, notwithstanding the petitioner's failure to meet the "savings clause," the undersigned finds that petitioner's claim that Public Law 80-772 is invalid because it was never voted into law by both Houses is without merit. In fact, every court to have addressed this claim has found the same to be invalid on one of the three following basis: (1) the 1948 amendment to 18 U.S.C. § 3231 was properly enacted; (2) even if the 1948 amendment to § 3231 is defective, the predecessor statute to § 3231 provides for jurisdiction; and (3) the "enrolled-bill rule" forbids challenge to the validity of 18 U.S.C. § 3231. See Turner v. United States of America, 2011 WL 5595939 (S.D. Ala. Sept. 8, 2011) (compiling cases).

Furthermore, a section 2241 petition is used to attack the manner in which the sentence is executed. See 28 U.S.C. § 2241. More specifically, a section 2241 petition is appropriate where a prisoner challenges the fact or duration of his confinement but not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

With respect to his claim regarding injuries to his foot and ankle, the petitioner complains

---

Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

about the conditions of his confinement. Specifically, his claim relates either to the conditions of his confinement or to alleged indifference to his injuries. This claim is not an attack on, nor is it related in any way to, the execution of the petitioner's sentence. Thus, it is clear that the petitioner's claims regarding his injuries must be raised in a civil rights complaint and is subject to a $350.00 filing fee. Preiser, 411 U.S. at 499-500 (a civil rights action is the proper remedy for a prisoner challenging the conditions of his prison life). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983).

Accordingly, the petitioner has not presented any claims upon which § 2241 relief can be granted.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's § 2241 petition (Doc. 1) be **DISMISSED WITH PREJUDICE** to the extent that he seeks immediate release based on an unconstitutional conviction, and **WITHOUT PREJUDICE** to his right to file a civil rights complaint should he so desire with respect to his alleged physical injuries.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States

v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: March 21, 2012

_/s/ David J. Joel_
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE